UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

Civil Action No. 05-cv-87-HRW

VERSELL ALDRIDGE,                                               PLAINTIFF,

v.                    **MEMORANDUM OPINION AND ORDER**

JO ANNE B. BARNHART
COMMISSIONER OF SOCIAL SECURITY,                DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application disability insurance benefits .  The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

**II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed her current application for disability insurance benefits on August 11, 2003  This application was denied initially and on reconsideration (Tr.12).  On January 21, 2005, an administrative hearing was conducted by Administrative Law Judge James Quinlivan (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified (Tr. 280-304).  At the hearing, Dwight

1

McMillion, a vocational expert (hereinafter "VE"), also testified (Tr. 305-313).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On March 9, 2005, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 12-22). Plaintiff was 48 years old at the time of the hearing decision (Tr. 13). She has a 9th grade education (Tr. 13). Her past relevant work experience consists of work as an assembler and dietary aide (Tr. 13).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the alleged onset date of disability (Tr.13, 21). The ALJ then determined, at Step 2, that Plaintiff suffered from morbid obesity with sleep apnea and daytime shortness of breath; degenerative disc pathology in both cervical and lumbar spine; arthritis of the knees/ankles; hypertension with lightheadedness; and farsighted without corrective glasses, which he found to be "severe" within the meaning of the Regulations (Tr. 20-21). At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 21). In doing so, the ALJ specifically considered listings 1.00, 3.00 and 4.00 (Tr. 15-16). The ALJ further found that Plaintiff could not return to her past relevant work (Tr. 21) but determined that she has the residual functional capacity ("RFC") to perform a significant range of light work with certain limitations as set forth i his decision (Tr. 21). Based upon this RFC, the ALJ, relying upon testimony of the VE, concluded that the Plaintiff could perform a variety of jobs, such as machine tender, inspector and marker (Tr. 19). The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 19). Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on May 20, 2005 (Tr. 4-6).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 5 and 6] and this matter is ripe for decision.

### III.  ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).  If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983).  "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988).  Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that

would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

Plaintiff's sole contention on appeal is that the ALJ should have recontacted her treating physician, Dr. Lisa McCoy, to obtain additional information and clarification of her opinion.

With regard to Dr. McCoy's records and the opinions expressed therein, the ALJ stated:

> I am not unmindful of the statement of Dr. McCoy, dated February 15, 2005, that the claimant is "totally and permanently disabled" due to hypertension, kidney stones, osteoarthritis, spinal stenosis, diet controlled non-insulin dependent diabetes mellitus, gastroesophageal reflux disease, obstructive sleep apnea requiring a CPAP machine, chronic obstructive pulmonary disease, lipid disorder, irritable bowel disorder and severe fibromyalgia (Exhibit B29F), I reject this conclusion for number of reasons. First, I note that the ultimate decision of disability is one to be decided by the Social Security Administration, not that of a physician (20 CFR 404.1527(e)). Secondly, there are no supporting records. Thirdly, I observed the treatment records elsewhere in the file reflect that although claimant has severe osteoarthritis of the knees bilaterally, she had surgery for her right knee in 1993 with the majority of treatment records showing complaints of a back/neck impairment (Exhibits B13F, B17F, B18F). Given all of the above, I must reject this conclusion as unfounded.

(Tr. 18-19).

With regard to Dr. McCoy's statement that Plaintiff is "totally and permanently disabled", the ALJ was correct in disregarding these conclusory remarks. It is within the province of the ALJ to make the legal determination of disability. The ALJ is not bound by a treating physician's conclusory statement, particularly where the ALJ determines, as she did in this case, where these is medical proof that Plaintiff retains the RFC to work in some capacity other than her past work. *See King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984).

Notably, Plaintiff does not maintain that Dr. McCoy was entitled to special deference as a treating physician. Instead, Plaintiff argues that the ALJ should have recontacted Dr. McCoy. Plaintiff cites 20 C.F.R. § 404.1512 in support of her argument.

20 C.F.R. § 404.1512 provides, in pertinent part:

> (e) *Recontacting medical sources*. When the evidence we receive from your treating physician or psychologist or other medical source is inadequate for us to determine whether you are disabled, we will need additional information to reach a determination or decision.

20 C.F.R. § 404.1512(e).

The regulations further state that the first step in the effort to obtain additional determination will be to recontact the treating physician:

> We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved.

20 C.F.R. § 404.1512(e)(1).

There is no indication that the records from Dr. McCoy were incomplete or otherwise in need of clarification. The Court finds no ambiguity in need of resolution. As such, the ALJ was under not required to recontact Dr. McCoy before issuing his decision.

The Court, having reviewed the record in this matter, finds that the ALJ's decision was based upon substantial evidence.

### III. CONCLUSION

Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This March 3, 2006.



Signed By:
Henry R Wilhoit Jr.
United States District Judge